IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AUTOMATION TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-599C |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSES TO QUESTIONS POSED BY THE COURT AT THE AUGUST 28, 2006 CONFERENCE**

Pursuant to the Court's instructions at the August 28, 2006 conference, defendant, the United States, respectfully submits the following responses to the questions posed by the Court.

**QUESTION NO. 1:** Does the legislative history of the Competition in Contracting Act of 1984 ("CICA"), 31 U.S.C. § 3553, address the meaning of the phrase "best interests of the United States?"

**RESPONSE:** Not specifically. We have identified three sources of the legislative history of the CICA: (1) Competition in Contracting Act of 1984: Hearings on H.R. 5184 Before the Subcommittee on Legislation and National Security, 98th Cong. 1 (1984); (2) H.R. Rep. 98-861 at 1435-37 (1984); and (3) H.R. Rep. No. 98-1157 (1984). All three sources are reproduced in the attached appendix.

The first source, the House subcommittee hearings, does not address the term "best interests of the United States" because the bill before the subcommittee, H.R. 5184, did not include the subsequently added provision that authorized agencies to override the CICA stay after making a best interests determination.

The second source, which is the conference report for the final bill as enacted (as part of the Deficit Reduction Act of 1984, Pub. L. No. 98-369 (July 18, 1984)), includes a brief discussion of CICA. With respect to the CICA automatic stay, the conference report states:

> If a protest is filed[,] . . . performance shall cease[,] . . . unless the head of the procuring activity informs the Comptroller General that urgent and compelling circumstances which significantly affect interests of the United States will not permit waiting for Comptroller General's decision, or that performance of the contract is in the <u>best interest of the United States</u>.
>
> Before notifying the Comptroller General that continued performance of a disputed contract is in the <u>government's best interest</u>, however, the head of the procuring activity should consider potential costs to the government from carrying out relief measures as may recommended by the Comptroller General if the protest is subsequently sustained. . . . Agencies in the past have resisted [GAO] recommendations on the ground that the <u>government's best interest</u> would not be served by relief measures of this sort because of the added expenses involved.

H.R. Rep. 98-61 at 1436 (emphasis added). The conference report's references to the "best interest of the United States" and "the government's best interest" do not indicate that Congress intended to invest those terms with special meaning.

The third source, H.R. Rep. 98-1157, was committed to the Committee of the Whole House on the State of the Union and ordered to be printed on October 10, 1984 – three months after the CICA was enacted on July 10, 1984. <u>Id.</u> at 1. This backward-looking report, like the subcommittee hearings, discusses H.R. No. 5184, which did not include the "best interests of the United States" provision.

**QUESTION NO. 2**: When an agency overrides the CICA automatic stay, is the agency required to notify Congress?

**RESPONSE:** No. The agency is not required to notify Congress directly. However, the agency is required to notify the Comptroller General, whom Congress considers to be an officer of the legislative branch. 31 U.S.C. § 3553(d)(3)(C)(ii); Bowsher v. Synar, 478 U.S. 714, 731 (1986).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
Attn: Class. Unit - 8th Fl.
Washington, D.C. 20530
Tel.: (202) 305-3091

August 29, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on August 29, 2006 a copy of foregoing “DEFENDANT'S RESPONSES TO QUESTIONS POSED BY THE COURT AT THE AUGUST 28, 2006 CONFERENCE” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp