"TITLE II—FEDERAL PROCUREMENT COMPETITION REQUIREMENTS

"GENERAL PROHIBITION

"SEC. 201. Notwithstanding any other provision of law, no executive agency is authorized to engage in any procurement unless such procurement is conducted in accordance with this title and with the Government-wide regulations prescribed under section 105(b) as modified pursuant to section 205 of this title.

"COMPETITION REQUIREMENTS

"SEC. 202. (a)(1) Except as provided in subsections (b) and (c), each executive agency—

"(A) shall use full and open competiton in making contracts for property or services;

"(B) shall use advance procurement planning and market research in all procurements;

"(C) shall use the competitive practices or combinations thereof that is best suited to the circumstances of the procurement; and

"(D) shall state its requirements, prepare specifications, and solicit bids or proposals in a manner designed to achieve full and open competition for the contract.

"(2) For other than small purchases, an executive agency, when using competitive practices—





"(A) shall solicit sealed bids when—

"(i) the award will be made on the basis of price and other price-related factors;

"(ii) it is not necessary to conduct discussions with the responding sources about their bids; and

"(iii) there is a reasonable expectation of receiving more than one sealed bid; and

"(B) shall request competitive proposals when sealed bids are not required under clause (A) of this paragraph.

"(b)(1) An executive agency is authorized to conduct a procurement using practices that are less rigorous than full and open competition only when—

"(A) the executive agency's need for the property or services is of such unusual and compelling urgency that the Government would be seriously injured by soliciting bids or proposals from all qualified sources;

"(B) the executive agency determines that exclusion of a current source from the competition is necessary to establish or maintain alternative sources of supply and that to do so would increase competition;

"(C) it is necessary to fulfill the goals of socially and economically disadvantaged or small business programs and all such businesses that are qualified are allowed to compete; or

"(D) the disclosure of the executive agency's requirements to all qualified sources would compromise the national security.

"(2) An executive agency may not award a contract using practices that are less rigorous than full and open competition unless—

"(A) the use of such practices is fully justified in writing by the contracting officer and the contracting officer certifies that such justification is accurate and complete;

"(B) the contracting officer's justification and certification statements have been reviewed and approved in writing by a higher level official involved in the awarding of the contract concerned; and

"(C) a notice has been published with respect to such contract pursuant to section 203(a)(1)(A) and all bids or proposals received in response to such notice have been fully considered by such executive agency.

"(c)(1) An executive agency is authorized to conduct a procurement using practices that are noncompetitive only when—

"(A) the property or services required by the Government are available from only one source and no competitive alternative can be made available that will satisfy the requirements of the executive agency;







"(B) it is necessary (i) to maintain a facility, producer, manufacturer, or other supplier available for furnishing property or services in the event of a national emergency, (ii) to achieve industrial mobilization in the event of such an emergency, or (iii) to maintain an essential research capability provided by an educational or other nonprofit institution or federally funded research and development center;

"(C) the terms of any international agreement or treaty between the United States Government and a foreign government or international organization, or the written directions of any foreign government reimbursing the executive agency for the cost of the procurement of the property or services for such government, have the effect of requiring the use of practices that are noncompetitive; or

"(D) a statute requires that the procurement be made from a specified source.

"(2) An executive agency may not award a contract using procurement practices that are noncompetitive unless—

"(A) the use of such practices is fully justified in writing by the contracting officer and the contracting officer certifies that such justification is accurate and complete;

"(B) the contracting officer's certification and justification statements have been reviewed and approved in writing by the head of the procurement activity;

"(C) a notice has been published with respect to such contract pursuant to section 203(a)(1)(A) and all bids or proposals received in response to such notice have been fully considered by such executive agency; and

"(D) the justification statement prepared pursuant to clause (A) includes at a minimum the following:

"(i) an identification of the agency's requirements;

"(ii) a description of the facts supporting the use of noncompetitive practices under paragraph (1) of this subsection;

"(iii) a demonstration, based on the proposed contractor's qualifications, that such contractor is the only source able to meet the agency's requirement;

"(iv) a description of the market survey conducted, or the reasons a market survey could not be conducted, to locate other sources;

"(v) a listing of all potential sources who had expressed an interest in the procurement and the reason why they should be excluded; and





"(vi) a statement of the actions the agency plans to take to remove or overcome any barrier to competition prior to any subsequent procurement for such requirements.

"(3) The authority to review and approve certifications and justifications under paragraph (2)(B) may in the case of procurements involving a total expenditure by the Government of less than $250,000, be delegated to another senior official within the office or unit responsible for the procurement activity concerned.

"(4) In no case shall an executive agency be authorized to engage in noncompetitive procurement on the basis of the lack of advance planning or concerns related to the amount of funds available to the agency for procurement functions.

"(5) For purposes of paragraph (1)(A) of this subsection, alternative sources shall be considered to be available for the production or assembly of spare parts if such sources have the capability to produce the same or like parts in accordance with the government's requirements and delivery schedule, unless another party has a legitimate proprietary interest in the parts or their manufacture and the agency would be legally liable to such party if it purchases the same or like parts from another party.

"(d) Any justification, certification, or written approval under subsection (b) or (c), and any related account, docu-

ment, or other record shall be made available for inspection by the public upon request except to the extent that it contains information authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy.

"(e) The executive agency's senior procurement executive (designated pursuant to section 115(a)(3)) shall approve or disapprove each procurement conducted under subsection (b) or (c) and shall establish practices for reviewing such procurements prior to such approval or disapproval. This authority may be delegated only to the extent that such procurement involves a total expenditure by the Government of less than $500,000.

"(f) Simplified practices and forms shall be used to facilitate making small purchases and to promote competition in such purchases to the maximum extent practicable.

"(g) No executive agency may procure goods or services from another executive agency unless such other executive agency complies fully with the requirements of this title in its procurement of those goods or services. The restrictions contained in this subsection are in addition to, and not in lieu of, any other restrictions provided by law.

"(h)(1) An executive agency may not refuse to include a product of a responsible source or group of responsible sources on a 'qualified products' or similar list without refer-





ring the matter for final disposition to the advocate for competition established pursuant to section 115(b) of this Act.

"(2) If—

"(A) there is only one product on a 'qualified products' or similar list,

"(B) competitive procurement would lead to a significant savings for the Federal Government, and

"(C) a responsible small business would not otherwise have the resources to qualify a product of its manufacture for such list;

then the procuring agency may reimburse the reasonable costs incurred by a small business in qualifying a product of its manufacture for such list.

"(i) During the planning for contracts for the procurement of the production or assembly of spare parts, the head of each executive agency shall take such steps as are necessary to develop its requirements so as—

"(1) to maximize competition for those components or services where competition is available, and

"(2) to insure that, to the maximum extent practicable, small and socially and economically disadvantaged businesses are not precluded from performing as prime contractors and subcontractors on such contracts.

"(j) As used in this section—

"(1)(A) The term 'full and open competition' means that—

"(i) all qualified sources are allowed and encouraged to submit sealed bids or competitive proposals on the procurement;

"(ii) no procurement specification or other description of the agency's requirements unnecessarily restricts competition for the procurement;

"(iii) each such sealed bid or competitive proposal is fully evaluated by the executive agency in the selection of a contract recipient; and

"(iv) the contract is entered into only after the executive agency has received, from qualified sources, a sufficient number of sealed bids or competitive proposals to ensure that the Government's requirements are filled at the lowest possible price given the nature of the product or service being acquired.

"(B) Such term includes procurement of architectural or engineering services conducted in accordance with title IX of the Federal Property and Administrative Services Act of 1949 (40 U.S.C. 451 et seq.).

"(2) The term 'practices that are less rigorous than full and open competition' means practices that permit a limited number of qualified sources to submit







offers on the procurement and the executive agency enters into a contract after receiving sealed bids or competitive proposals from two or more sources whom the agency determines to be (A) within the competitive range or (B) eligible for selection.

"(3) The term 'noncompetitive' means any procurement practice that results in the award of a contract by an executive agency after receiving only one bid or proposal.

"(4) The term 'qualified source' means any responsible source that has the capability to produce the property or deliver the service in accordance with the Government's requirements and delivery schedule.

"(5) The term 'small purchase' means any purchase or contract that does not exceed $25,000. A proposed procurement shall not be divided into several procurements primarily for the purpose of using the small purchase practices.

"PROCUREMENT NOTICE

"SEC. 203. (a)(1) Except as provided in subsection (c)—

"(A) an executive agency intending to solicit bids or proposals for a contract for property or services at a price expected to exceed $10,000 shall furnish for publication by the Secretary of Commerce a notice described in subsection (b); and

"(B) an executive agency awarding a contract for property or services at a price exceeding $10,000 shall furnish for publication by the Secretary of Commerce a notice announcing such award if there is likely to be any subcontract under such contract.

"(2) The Secretary of Commerce shall publish promptly in the Commerce Business Daily each notice required by paragraph (1).

"(3) Whenever an executive agency is required by paragraph (1)(A) to furnish a notice of a solicitation to the Secretary of Commerce, such executive agency may not—

"(A) issue such solicitation earlier than fifteen days after the date on which such notice is published by the Secretary of Commerce; or

"(B) establish a deadline for the submission of all bids or proposals in response to such solicitation that is earlier than thirty days after the date on which such solicitation is issued.

"(b) Each notice required by subsection (a)(1)(A) shall include—

"(1) an accurate description of the property or services to be contracted for, which description is not unnecessarily restrictive of competition;

"(2) the name, business address and phone number, and title of the officer or employee of the ex-





ecutive agency who may be contacted for the purpose of obtaining a copy of the solicitation;

"(3) a statement that all qualified sources may submit a bid or proposal which shall be considered by the executive agency; and

"(4) in the case of a procurement using noncompetitive practices, a justification for using noncompetitive practices and the identity of the intended source.

"(c)(1) A notice is not required under subsection (a)(1) if—

"(A) the notice would disclose the executive agency's requirements and the disclosure of such requirements would compromise the national security; or

"(B) the proposed noncompetitive procurement would result from acceptance of an unsolicited research proposal that demonstrates a unique or innovative research concept and the publication of any notice of such unsolicited research proposal cannot avoid the disclosure of the originality of thought or innovativeness of the proposed research or proprietary data associated with the proposal.

"(2) The requirements of subsection (a)(1)(A) do not apply to any procurement under conditions described in section 202(b)(1)(A).

Case 1:06-cv-00599-MBH Document 17-9 Filed 08/29/2006 Page 7 of 10





"PROCUREMENT PROTEST SYSTEM

"SEC. 204. (a) Subject to subsection (f), protests concerning alleged violations of the procurement laws and regulations shall be decided in the General Accounting Office if filed with that Office in accordance with this section. Any such protests which concern alleged violations of this title shall be given priority consideration by the General Accounting Office. Nothing contained in this section shall be construed to give the General Accounting Office exclusive jurisdiction over protests.

"(b)(1) In accordance with the procedures issued pursuant to subsection (d), the Comptroller General shall have authority to decide any protest submitted by an interested party or referred by any executive agency or any court of the United States.

"(2)(A) The Comptroller General shall notify the executive agency within one working day of the receipt of a protest and the executive agency shall submit a complete report (including all relevant documents) on the protested procurement to the Comptroller General within twenty-five working days from the agency's receipt of the notice of such protest. In any case determined by the Comptroller General to be suitable for the express option under subsection (c)(1), such report and documents shall be submitted within ten working days from such receipt.







"(B) No contract shall be awarded on the basis of the protested procurement after the contracting officer has received notice of a protest to the Comptroller General and while the protest is pending.

"(C) If the contract has been awarded prior to the receipt of notice of protest, contract performance shall be ceased or the contract shall be suspended upon receipt of notice and while the protest is pending. This subparagraph shall not apply when the protest is filed more than thirty days after award of the contract.

"(D) The head of an executive agency or the agency's senior procurement executive (designated pursuant to section 115(a)(3)) may authorize the award or performance of a contract notwithstanding a protest of which the agency has notice under subparagraph (B) or (C)—

"(i) upon a written finding that compelling, exigent circumstances which significantly affect vital interests of the United States will not permit awaiting the decision of the Comptroller General; and

"(ii) after the Comptroller General is advised of such finding.

"(E) Prior to the award of the contract, no finding may be made under subparagraph (D)(i) unless the award of the contract is otherwise likely to occur within thirty days of notification of the protest.

General may further declare the entitlement of an appropriate party to the costs of—

"(i) filing and pursuing the protest, including reasonable attorney's fees; and

"(ii) bid and proposal preparation.

"(B) Declarations of entitlement to monetary awards shall be paid promptly by the executive agency concerned out of funds available for the purpose of the procurement concerned.

"(d)(1) The Comptroller General shall, within ninety days after the date of enactment of this title, establish such procedures, not inconsistent with this section, as may be necessary to the expeditious execution of the protest decision function, including procedures for accelerated resolution of the protest under the express option authorized by subsection (c)(1). Such procedures shall provide that the protest process shall not be delayed by the failure of any party to make any filing within the time provided therefore, and that such failure may be taken as an admission of the contentions made by an opposing party.

"(2) The Comptroller General may use any authority available under chapters 7 and 35 of title 31, United States Code, to verify contentions made by parties in protests under this section.







"(e) Any interested party adversely affected or aggrieved by the action, or the failure to act, of a Government agency in respect of a solicitation or award may obtain judicial review thereof to the extent provided by sections 702 through 706 of title 5, United States Code, including determinations necessary to resolve disputed material facts or when otherwise appropriate.

"(f)(1) Upon request of any interested party in connection with any procurement conducted under authority provided by section 111 of the Federal Property and Administrative Services Act of 1949 (40 U.S.C. 759), including procurements conducted under blanket delegations of procurement authority, the General Services Administration Board of Contract Appeals (the 'Board'), shall review any determination by a contracting officer alleged to violate law or regulation, or both, under the standard applicable to review of contracting officer final decisions by boards of contract appeals.

"(2) When an action under this section is filed before award of the challenged procurement, the Board, at the request of any interested party, shall promptly hold a hearing to determine whether it should suspend the delegation of procurement authority for the challenged procurement on an interim basis until the Board can decide the action. The delega-

tion of procurement authority shall be suspended unless the agency establishes that—

"(A) absent action by the Board, contract award is likely to occur within thirty days of the hearing; and

"(B) compelling, exigent circumstances which significantly affect vital interests of the United States will not permit awaiting the decision of the Board.

"(3) At the request of any interested party, when an action is filed within thirty working days of publication of award by the Secretary of Commerce or receipt of written notice of award by the party challenging the award, whichever comes first, the Board shall promptly hold a hearing to determine whether it should suspend the delegation of procurement authority for the challenged procurement on an interim basis until the Board can decide the action. The Board shall suspend the agency's authority to acquire any goods or services under the contract which are not previously delivered and accepted unless the agency establishes that compelling exigent circumstances which significantly affect vital interests of the United States will not permit awaiting the decision of the Board.

"(4) The Board shall conduct such proceedings and allow such discovery as may be required for the expeditious, fair and reasonable resolution of the action. The Board shall endeavor to give priority to actions filed under this section.





However, nothing contained herein shall conflict with any deadlines imposed by section 9(a) of the Contract Disputes Act. In making a decision on the merits of actions brought under this section, the Board shall accord due weight to the policies of this Act, and the goals of economic and efficient procurement set forth in section 111 of the Federal Property and Administrative Services Act of 1949 (40 U.S.C. 759). When the Board determines that challenged agency action violates procurement law or regulation or the conditions of any delegation of procurement authority issued pursuant to such section, the Board may suspend, revoke or revise the delegation of procurement authority applicable to the challenged procurement. The final decision of the Board may be appealed by any interested party, including interested parties who intervene in any action filed under this section, as set forth in the Contract Disputes Act. If the Board revokes or suspends a delegation of procurement authority after contract award, the affected contract shall not be considered void ab initio but shall be presumed valid as to all goods or services delivered and accepted thereunder prior to the suspension, revocation or revision of the delegation of procurement authority. Nothing contained herein shall affect the Board's power to order any additional relief which it is authorized to provide under any statute or regulation. However, the procedures set forth in this subsection shall only apply to procure-

ments conducted under the authority contained in the Federal Property and Administrative Services Act of 1949 (40 U.S.C. 759). In addition, nothing contained herein shall affect the right of any person to file protests with the General Accounting Office or contracting agency or to file actions in the district court or the Court of Claims of the United States.

"(5) When two or more actions involving the same procurement are filed before the Board and one or more courts, then the action first filed shall proceed and all other actions relating to the procurement shall be stayed. Except as otherwise provided by law, the filing of a protest with the General Accounting Office shall not affect an interested party's rights to file and pursue actions involving Federal procurements in the courts, and before the Board as authorized in this subsection.

"(g) For purposes of this section—

"(1) the term 'protest' means a challenge to a solicitation, or to the award or proposed award of any procurement contract; and

"(2) the term 'interested party' means a person whose direct economic interest would be affected as contractor or subcontractor by the award or nonaward of the contract.





"MODIFICATION OF FEDERAL ACQUISITION REGULATIONS

"SEC. 205. The Administrator shall promulgate, within 90 days after the date of enactment of this title, such modifications as may be necessary to the Government-wide regulations prescribed under section 105(b) to conform such regulations to the requirements of this title.".

(b) The Office of Federal Procurement Policy Act is further amended—

(1) by inserting after the first section the following:

"TITLE I—GENERAL PROVISIONS FOR THE IMPROVEMENT OF FEDERAL PROCUREMENT";

(2) by striking out "this Act" each place it appears in sections 3 through 17 and inserting in lieu thereof "this title";

(3) by striking out "section 2" in section 6(f) and inserting in lieu thereof "section 101";

(4) by striking out "section 6(a)" in section 8(b) and inserting in lieu thereof "section 105(a)";

(5) by striking out "section 6" in section 9 and inserting in lieu thereof "section 105";

(6) by striking out "section 2" in section 15 and inserting in lieu thereof "section 101";

(7) by striking out "section 2" in section 15 and inserting in lieu thereof "section 101";